## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOSE ANTHONY TORREZ,
    *Plaintiff*,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES et al.,
    *Defendants*.

Case No. 3:22-cv-1234 (CSH)
June 28, 2023

## <u>INITIAL REVIEW ORDER</u>

**HAIGHT, Senior District Judge:**

Plaintiff Jose Anthony Torrez has filed a *pro se* complaint under 42 U.S.C. § 1983 against the State of Connecticut, the Connecticut Department of Children and Families ("DCF"), the Institute of Professional Practice ("IPP"), DCF Commissioner Katz, DCF Supervisor Norvig, IPP Supervisor Freeman, DCF Social Worker Bringman, and IPP Social Worker Ku. Because Torrez is currently incarcerated, the Court reviews the complaint to determine whether its claims may proceed under 28 U.S.C. § 1915A.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). Although detailed allegations are not required, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citation omitted). However, the Court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

With respect to *pro se* litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)). This liberal approach, however, does not exempt *pro se* litigants from the minimum pleading requirements described above; a *pro se* plaintiff's complaint still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010)

(quoting *Iqbal*, 556 U.S. at 678). Therefore, even in a *pro se* case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the Court may not "invent factual allegations" that the plaintiff has not pleaded. *Id.*

## II. FACTUAL ALLEGATIONS[1]

Around 2001 to 2002, Torrez, then approximately six or seven years old, resided in a foster home in Meriden, Connecticut. Compl. at 11 ¶ 13, 12 ¶ 19. While residing in the Meriden foster home, Torrez was sometimes visited by a teenaged "foster cousin." Compl. 12 ¶¶ 16–17. On one occasion, this foster cousin forcibly subjected Torrez to sexual abuse. *Id.* ¶¶ 18–22. Torrez subsequently informed his foster parents about what had happened. *Id.* 13 ¶ 23. The complaint alleges that DCF Commissioner Katz, DCF Supervisor Norvig, IPP Supervisor Freeman, DCF Social Worker Bringman, and IPP Social Worker Ku were also notified about the incident. *Id.* 13 ¶¶ 24, 30; 15 ¶¶ 36–37. Notwithstanding this notification, Torrez was not taken to the hospital for examination or treatment. *Id.* 13 ¶ 25. Nor was Torrez removed from his foster home. *Id.* 13 ¶ 27.

Because Torrez was not removed from his foster home, his foster cousin was able to sexually assault him on a second occasion. *Id.* 12–13 ¶¶ 20, 28. Although defendants Norvig, Freeman, Bringman, and Ku were also notified of this second sexual assault, Torrez was not removed from his foster home until 2003, and his removal at that time was for reasons unrelated to the sexual abuse he had suffered. *Id.* 13–14 ¶¶ 30–31.

Torrez received psychotherapy for his sexual abuse in 2007, approximately five years after the incident. *Id.* 14 ¶ 32. The sexual abuse caused Torrez physical injury, and he continues to suffer from post-traumatic stress disorder due to the incident. *Id.* 14 ¶¶ 33–34.

---

[1] The factual allegations are taken from Plaintiff's complaint (Doc. 1).

The complaint brings several § 1983 claims asserting violations of Torrez's constitutional rights and a state law negligence claim. *Id.* at 14–16 ¶¶ 35–39. Torrez filed his complaint in this Court on October 4, 2022. *See generally id.*

### III. ANALYSIS

#### A.  Section 1983 Claims

Torrez brings federal claims against the defendants under § 1983 of Title 42 of the United States Code, a statute conferring a private cause of action against persons acting under color of state law who deprive an individual of his or her federally protected rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Given the length of time that has passed since the events alleged in the complaint, the Court first evaluates whether Torrez has brought his § 1983 claims within the applicable limitations period. *See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted[.]" (internal quotation marks and citations omitted)).

A § 1983 claim accrues when a plaintiff knows, or has reason to know of, the injury which is the basis of his action. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Torrez knew of the injury informing his cause of action in the early 2000s—at the very latest, by 2003, when he was removed from the foster home where the abuse occurred. Thus, his federal claims accrued approximately two decades ago.

Because Congress has not enacted a statute of limitations for § 1983 claims, federal courts "must borrow a state statute of limitations." *Lounsbury v. Jefferies*, 25 F.3d 131 (1994). The appropriate limitation period to "borrow" is a state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). "In Connecticut, for purposes of § 1983

4

claims, the applicable statute of limitations is Conn. Gen. Stat. § 52–577, which provides that '[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.'" *Meyers v. Kishimoto*, No. 3:14-CV-535 CSH, 2015 WL 4041438, at *11 (D. Conn. July 1, 2015).[2]

Here, Torrez did not file his complaint within three years of the accrual of his § 1983 claims, even assuming that it accrued, at the very latest, in 2003. Thus, his § 1983 claims are time-barred, and the Court will dismiss them for that reason.

The Court notes that the Connecticut legislature has adopted a much longer limitation period for claims in which a plaintiff seeks to recover damages for injuries caused by sexual abuse that he or she suffered before reaching the age of twenty-one. *See* Conn. Gen. Stat. § 52-577d; *McArthur*, 2022 WL 616721, at *3 n.3; *see also Doe v. Boy Scouts of America Corp.*, 323 Conn. 303, 334–38 (2016). Applying this limitation period, Torrez's claims would not be time-barred. However, because Conn. Gen. Stat. § 52-577d—like § 52-584—is not a "general or residual stat-ute[,]" its lengthy limitation period cannot be borrowed in a § 1983 cause of action. *See Owens*, 488 U.S. at 250; *Lounsbury*, 25 F.3d at 134. If Torrez is to seek remedy for the harm caused by the defendants, he must do so by filing a lawsuit in the state court system that alleges violations of state law.

### B. State Law Claim

In addition to bringing § 1983 claims, Torrez also asks the Court to exercise supplemental

---

[2] The Second Circuit in *Lounsbury* explained that although another Connecticut statute, Conn. Gen. Stat. § 52-584, applies to certain personal injury actions under state law, § 52-584 is not a "general or residual statute" as contemplated by the Supreme Court in *Owens* because it is limited "only to those actions, pri-marily negligence actions, that are specifically enumerated in the section itself[.]" 25 F.3d at 134 (reversing district court judgment that had borrowed the two-year limitation period in § 52-584). Accordingly, federal courts in this district borrow the three-year limitation period from the more general § 52-577. *See, e.g.*, *McArthur v. Cargil*, No. 3:20-CV-967 (SRU), 2022 WL 616721, at *3 n.3 (D. Conn. Mar. 2, 2022); *Tatem v. Perelmuter*, No. 3:18-CV-00382 (VAB), 2021 WL 165088, at *5 (D. Conn. Jan. 19, 2021).

jurisdiction over a state law negligence claim. Compl. at 16 ¶ 39. However, since Torrez's federal claims cannot survive initial review, it would be inappropriate for the Court to exercise jurisdiction solely over his remaining state law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") Accordingly, the Court dismisses Torrez's negligence claim without prejudice to his right to pursue it in state court.

### IV. CONCLUSION AND ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All § 1983 claims brought against the defendants are **DISMISSED** with prejudice.

(2) All state law claims brought against the defendants are **DISMISSED** without prejudice to Torrez's right to bring those claims in state court.

(3) Torrez's Motion to Expedite [Doc. 17], Motion to Appoint Counsel [Doc. 18], Motion for a Pretrial Conference or In Camera Proceeding [Doc. 19], and Motion to Compel Service of Summons [Doc. 20] are **DENIED AS MOOT** in light of the complaint's dismissal.

(4) The Clerk of Court is directed to enter judgment for the defendants and close this case.

It is SO ORDERED.

Dated at New Haven this 28th day of June 2023.

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge